SARTAIN, Judge.
This cause involves a verbal contract wherein General Finance Corporation of New Orleans (appellee) agreed to extend a line of credit to Raymond Yglesias d/b/a Raymond’s Auto Sales (appellant). When appellant failed to pay certain notes which were secured by chattel mortgages on his remaining stock of automobiles, appellee instituted suit. Appellant reconvened alleging that appellee had breached its contract with him, causing him to lose his business, for which he seeks damages.
All parties concede that the judgment rendered in favor of appellee on the notes is correct. However, the trial judge found against appellant on his reconventional demand, holding that appellee had not breached its contract. It is from the judgment denying his reconventional demand that appellant now appeals.
A portion of General Finance’s business is that of financing (floor planning) stock for used car dealers. In January of 1964, the parties entered into an oral contract wherein appellee agreed to extend a line of credit to Mr. Yglesias in the amount of $100,000 with the understanding that before any changes were made in the contract, appellant would be given ninety days notice. General Finance recognized that it was their customary procedure not to refinance (refloor) cars that had been on appellant’s lot and financed with them for a period in excess of 120 days. However, it is conceded that appellee agreed to waive this procedure and to refinance cars that had not been sold within the 120 day period.
It is appellant’s contention that in October, 1965 when General Finance refused to refinance additional new stock or 120 day old vehicles for appellant that it did so without giving appellant the previously agreed ninety day notice.
The trial judge in his oral reasons for judgment found as follows:
“It appears to the Court that some notice or discussion certainly was had between the parties as early as July of 1965 because Mr. Pocorello, the General Manager, of the defendant business knew along about this time that there was trouble, that there was some difficulty with regard to the floor planning of these automobiles. Mr. Kast could not remember when exactly or where or in whose presence the notice or change in *470 the contract was given. He did recall that it was in July. It was his testimony that insofar as the previous floor plans or insofar as the previous cars on the floor plan were concerned that they would be refloored. But beginning with the cars purchased in July that these machines would no longer be refloored.”
It was this finding of fact, i. e., that a ninety day notice was given, that appellant contends was error on the part of the trial judge. In his brief appellant frankly states ‘if such notice was given in July of 1965 then unquestionably General Finance Corporation of New Orleans did not breach the agreement. If the notice was given later than July of 1965 then the contractual terms were violated by General Finance Corporation of New Orleans.”
We are of the opinion that the record amply supports the conclusion by the judge a quo that notice was given to Mr. Yglesias in June or July of 1965. This notice was to the effect that cars refinanced in July of 1965 would not be refinanced (refloored) in October of 1965. When General Finance refused to refinance these older cars and to demand of appellant a payment of $3,300, as a representative sum of the reduction of their market value, Mr. Yglesias declined to pay the same saying (1) that this was contrary to the original agreement and (2) that he had not been given the required ninety day notice.
It will serve no useful purpose here to detail at length the testimony of the various parties. It will suffice to say that both Mr. Yglesias and his sales manager, Mr. Pocorello, were familiar with a dispute that occurred in June or July of 1965 when the question of refinancing the older vehicles was then broached by General Finance for the first time. The witnesses could not recall the specific date, yet the testimony is clear that appellant at that time objected vigorously that General Finance could not leave him in the middle of the stream “without a paddle”.
There is nothing in the record to support the conclusion that any variance of the original terms of the contract had to be in writing.
The trial judge was correct when he stated that he did not “want to be put in a position of counting witnesses in order to ascertain where the preponderance might lie”. Nevertheless, the trier of fact heard the testimony of each witness and accorded to such testimony the weight he felt it was entitled to. Unless there is a clear showing of manifest error, which there is not in this instance, the trial judge’s determination of a question of fact should not be set aside on appellate review. His findings in this matter are entitled to great weight and his decision should be affirmed.
Accordingly, for the above and foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.